JULIETTA MARTINEZ, as Administratrix of the Estate of RAMIRO MARTINEZ, Deceased, Respondent, v BEEKMAN DOWNTOWN HOSPITAL, Appellant.—In a wrongful death action, defendant appeals from so much of an order of the Supreme Court, Kings County, dated December 10, 1976, as directed it to produce certain nonparty witnesses for examinations before trial and denied its cross motion to vacate plaintiff-respondent's notice to take such examinations. Order affirmed insofar as appealed from, with $50 costs and disbursements. The examinations before trial shall proceed at the place designated in the order appealed from, at a time to be fixed by plaintiff in a written notice of not less than 10 days, to be given within 20 days after entry of the order to be made hereon, or at such other time and place as the parties may agree. Appellant's failure to move to vacate or modify the "Notice to take Deposition" entitles the plaintiff to proceed with the examinations in accordance therewith (see *Golditch v Francis,* 12 AD2d 975). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.

GIACOMA MICELI, Appellant, v ARTHUR REILLY et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover possession of real property, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated January 7, 1977, which denied her motion for partial summary judgment. Order affirmed, with $50 costs and disbursements. The Justice presiding at Special Term properly refused to entertain this motion. At the time this motion was made, a motion by plaintiff-appellant for similar relief was pending before another Justice at Special Term. At the time this motion was decided, the appeal from the order denying the prior motion was pending before this court. We note with disapproval the fact that this is the fourth appeal taken by plaintiff to this court from adverse decisions at Special Term (see *Miceli v Riley,* 51 AD2d 972; *Miceli v Reily,* 54 AD2d 754; *Miceli v Reilly,* 56 AD2d 839). Two of these appeals raised issues which were virtually identical to the issues raised in the other two. We strongly advise plaintiff to proceed with the trial, which we have found to be necessary in this action (see *Miceli v Reilly,* 56 AD2d 839, *supra).* Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

VINCENT OSOBA et al., Appellants, v CITY OF BEACON et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioners to their positions with the Department of Public Works of the City of Beacon, petitioners appeal from a judgment of the Supreme Court, Dutchess County, dated February 7, 1977, which dismissed the petition. Judgment affirmed, without costs or disbursements. Article X of the collective bargaining agreement in issue, entitled "Job Security", does not bar dismissals caused by extreme economic necessity (see *Yonkers School Crossing Guard Union of Westchester Ch., CSEA v City of Yonkers,* 39 NY2d 964). It is not explicit, unambiguous and comprehensive, as was the "job security" clause considered and enforced in *Matter of Board of Educ. v Yonkers Federation of Teachers* (40 NY2d 268). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.